The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEIF KIRCHOFF, individually and as Class representative, | No. 2-11-CV-00568 TSZ |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER |
| WIPRO, INC., WIPRO TECHNOLOGIES, INC. and WIPRO, LTD, Delaware Corporations, | |
| Defendants. | |

**Pursuant to the parties' stipulation, docket no. 40, the Court hereby enters the following Order (the Court's additions to the parties' proposed order are in bold text, deletions are double-bracketed and stricken):**

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), and according to the Stipulation of the parties, it is

ORDERED as follows:

**I.      PURPOSES AND LIMITATIONS**

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-1
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

Disclosure and discovery activity in this action are likely to involve production of confidential, personnel, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal; the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal are those provided by the relevant law and Court rules.

## II. DEFINITIONS

2.1 <u>Party</u>: Any party to this action, including all of his, her or its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential Information"</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under state law and under the standards developed under Fed. R. Civ. P. 26(c). Confidential Information shall be information that has been designated "CONFIDENTIAL" (e.g., Protected Material) (a) where such designation has not been disputed pursuant to § 3.7 of this Order, or (b) where such designation

was disputed pursuant to § 3.7 of this Order unless and until the Court has determined such records not to be subject to this Protective Order. In this particular litigation, based on the Parties' allegations and contentions, the Parties anticipate this Order will be used principally to protect sensitive personnel and payroll files and confidential personal information of Plaintiff and current or former employees of Defendant Wipro, Inc. and Wipro, Ltd., including without limitation financial information, personnel and payroll information, or other commercially-sensitive or personally-sensitive information of a non-public nature. The Parties anticipate this Order will be used to protect documents containing financial information of Defendants not subject to public disclosure and any other information not in the public domain and that is reasonably and in good faith believed by the Producing Party to contain trade secret, proprietary, or highly-sensitive business information, the disclosure of which would result in a clearly-identified and serious injury to Defendants.

2.4 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: A Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL."

2.7 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8 Outside Counsel: Attorneys (including their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-3
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

2.9     House Counsel: Attorneys who are employees of a Party.

2.10    Counsel (Without Qualifier): Outside Counsel and House Counsel (including their support staff).

2.11    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## III.    DESIGNATION OF CONFIDENTIAL INFORMATION

3.1     Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which confidential protection is not warranted are not designated as Protected Material. If it comes to a Party's or a non-party's attention that information or items designated as Protected Material do not qualify for such protection, that Party or non-party must promptly notify all other Parties that it

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-4
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

is withdrawing the mistaken designation.

3.2 Where practical, the Producing Party shall designate Protected Material in document form by stamping or otherwise marking every page of the document "Confidential" or some similar language. Other forms of Protected Material shall be so marked in any other reasonable manner appropriate to the form in which the Protected Material is produced.

3.3 When a party initially produces documents for inspection, no marking need be made by the Producing Party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Confidential Information. After documents are selected for copying, the Producing Party may appropriately mark the copies of the selected documents as Protected Material before they are produced.

3.4 In all other cases, designation of Confidential Information shall be made at the time of production.

3.5 <u>Depositions</u>: No person shall attend portions of depositions pursuant to Fed. R. Civ. P. 30 or 45 at which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Order. If, during the course of a deposition, the response to a question would require the disclosure of information a party wishes to designate as "Confidential," the witness may refuse to answer or the Party whose information would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.

3.6 Within 30 (thirty) days after the completion of the transcript of a deposition (as certified by the court reporter), counsel for any party or the deponent may designate portions of the transcript as "Confidential" in a written notification served on all counsel. Written

notification designating Protected Material shall identify the specific pages and lines of the transcript that contain Protected Material. Counsel for each party shall attach a copy of such notification to the face of the transcript and to each copy of the transcript. In addition, the portion of the deposition transcript containing information the party wishes to designate as "Confidential" shall be stamped with the appropriate designation. Before the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as Confidential Information, unless otherwise designated or agreed to by the parties and the witness, or ordered by the Court.

3.7     <u>Challenged Designations</u>:  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Should any Party to whom Protected Material is disclosed object to the designation of such materials as "Confidential", that party shall notify the party making the designation, in writing, and request that the party reclassify the document, information, or testimony. The parties shall meet and confer in good faith regarding the designation. If the parties do not otherwise reach agreement or the Designating Party does not agree to de-designate the information within ten (10) court days, either party may file and serve a motion with respect to the disputed document or information. At all times, the Designating Party bears the burden to establish "good cause" for applicability of this Order to a contested document based on a specific factual showing that (a) the document in fact constitutes trade secret, proprietary, or highly-sensitive business information and (b) disclosure

of the document will result in a clearly defined and serious injury to the Designating Party.

3.8   Until the Court rules to the contrary, all materials designated as "Confidential" shall be treated as Confidential Information as described in this Order.

## IV.   DISCLOSURE OF CONFIDENTIAL INFORMATION

4.1   All Confidential Information shall be used solely by the Parties' Counsel, secretaries, paralegal assistants, and other employees of such Counsel who are assisting in the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.  Counsel shall be responsible for ensuring that his or her associates are informed of the terms of this Order and agree to abide by them.

4.2   Except with prior written consent of the Producing Party, Confidential Information may be disclosed only to the following persons:

(a)   Parties, subject to the provisions of this Order; Experts (as defined in this Order) and consultants, but only after the consultant or expert has read this Order and has signed the "Agreement to Be Bound by Stipulation" (Exhibit A).  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by Counsel for the Party producing the Confidential Information;

(b)   Court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(c)   Deposition and trial witnesses and prospective witnesses, prior to and during their testimony, when necessary for, or otherwise relevant or helpful to, the testimony or examination of such witnesses, provided that Confidential Information may be disclosed to non-party deposition witnesses only after the witness has read this Order and has signed the

"Agreement to be Bound by Stipulation" (<u>Exhibit A</u>).  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the Confidential Information;

    (d)    The author or recipient of the document, the employee to which the document or data relates, or the original source of the information; and

    (e)    The Court **and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action**.

    4.3    <u>Exceptions</u>:  Nothing herein shall prohibit a Party, or its counsel of record, from disclosing a document containing Confidential Information to the person the document identifies as an author or recipient of such document, <u>or</u> to any person (including third-party witnesses) for which prior written approval for disclosure has been granted by the Producing Party.  A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Order.

    4.4    Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

    (a)    at the time of disclosure hereunder, was already lawfully in possession of the Receiving Party and was not acquired through discovery or under any obligation of confidentiality; or

    (b)    after disclosure hereunder, was lawfully acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation to maintain the

confidentiality of the information.

### V. RIGHTS RESERVED

5.1 Confidential Information may be referred to in motions, briefs, and other court papers and may be used in depositions and marked as deposition exhibits in this action. However, such documents must be appropriately marked. Where Confidential Information is used in deposition, the witness must be reminded of his/her obligations under this Order and the court reporter informed of the confidential nature of the documents.

5.2 The use of Confidential Information during the course of the trial of this action shall be governed by further stipulation of the parties or Order of the Court. Except as to the use at trial of Confidential Information, this Order shall remain effective until such time as it is superseded by stipulation of the parties or Order of the Court.

5.3 [[~~Nothing in this Order shall prevent any party to this action from moving the Court to remove the "Confidential" designation from a particular document, from seeking modification of this Order or other or further protection or relief, or from objecting to discovery which it believes to be otherwise improper.~~]] **Counsel of record for any party (the "Notifying Party") may at any time serve a written notice upon all other counsel of record (a) objecting to a designation made by another party ("the Responding Party"); (b) proposing to disclose "CONFIDENTIAL" documents or information to an individual to whom such disclosure is not authorized by this Order; or (c) proposing to designate as "CONFIDENTIAL" documents, discovery responses, or any other information which the Notifying Party inadvertently failed to so label. The parties shall meet and confer within 14 calendar days from the Responding Party's receipt of such notice to resolve any**

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-9
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

**dispute concerning (a), (b), or (c) in good faith. If the conference is unsuccessful, the Notifying Party shall have to the right to move for a Protective Order, or an Order Changing Designation of the documents or information at issue and/or authorizing the disclosure of certain documents or information to a specific person not otherwise so authorized hereunder. Until an objection to a "CONFIDENTIAL" designation has been resolved by agreement of counsel or by Order of the Court, documents or other information designated "CONFIDENTIAL" shall remain subject to the protections of this Order.**

5.4 **If any dispute arising under paragraph 5.3 is submitted to the Court, the party seeking to designate the document or information as "CONFIDENTIAL" or seeking to disclose "CONFIDENTIAL" information to an unauthorized person shall have the burden of demonstrating good cause for such "CONFIDENTIAL" designation or disclosure. The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure or whether the "CONFIDENTIAL" information may be shown to the proposed person. This Order shall not alter the burden of proof as to these issues.**

5.5 **Consent to and entry of this Order shall not restrict the right of any party to file an Application for an Order seeking modification of this Order or further protection.**

5.6 [[~~Confidential Information shall be exempt from production or inspection under the Washington Public Disclosure Act (pursuant to RCW 42.56.210) and the Freedom of Information Act (pursuant to 5 U.S.C. § 552(b)(4)), except as permitted or required by the~~

~~relevant law and Court rules.~~ ]]

## VI. TERMINATION OF LAWSUIT

6.1 Three years after the conclusion of the litigation of this action, by settlement or dismissal, Confidential Information, and all copies of such documents (other than exhibits of record), shall be destroyed at the direction of the Producing Party, with the party destroying the documents providing a certificate of destruction to the Producing Party.

DONE this 9th day of July 2012.

*[signature]*
THOMAS S. ZILLY
United States District Judge

Presented by:

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants

*/s/ Michael J. Killeen*_____
    Michael J. Killeen, WSBA #7837
    1201 Third Avenue, Suite 2200
    Seattle, Washington 98101-3045
    Telephone: (206) 622-3150
    Fax: (206) 757-7700

Approved as to Form;
Notice of Presentation Waived:

Attorneys for Plaintiff

*/s/ Ralph C. Pond*_____
    Ralph C. Pond, WSBA #11934

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-11
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

| | |
|---|---|
| 1 | Aiken, St. Louis & Siljeg, P.S.<br>801 Second Avenue<br>1200 Norton Building<br>Seattle, WA 98104<br>pond@aiken.com |
| 2 | |
| 3 | |
| 4 | Dmitri Iglitzin, WSBA #17673<br>Schwerin, Campbell, Barnard, Iglitzin & Lavitt, LLP<br>18 W. Mercer Street, Suite #400<br>Seattle, WA 98119-3971<br>Iglitzin@workerlaw.com |
| 5 | |
| 6 | |

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-12
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have received and read a copy of the **Stipulated Protective and Confidentiality Order** executed by the parties in <u>Kirchoff v. Wipro, Inc. et al.</u>, Cause no. 2:11-CV-00568, in the United States Court for the Western District of Washington at Seattle; that I understand the provisions in the Order; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the United States Court for the Western District of Washington, for the purpose of enforcing the Order; and that I understand that sanctions may be imposed by the Court, including an order of contempt, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____   _____
Date                                Signature

STIPULATION AND PROTECTIVE ORDER REGARDING
"CONFIDENTIAL INFORMATION" PRODUCED IN
DISCOVERY-13
(C11-0568 TSZ)
DWT 19884711v1 0093863-000001