1

2                                                                Honorable Thomas S. Zilly

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                       AT SEATTLE

10   LEIF KIRCHOFF, individually and as          )
     Class representative,                       )   No. 2-11-CV-00568 TSZ
11                                               )
                            Plaintiff,           )   MOTION FOR SUMMARY
12                                               )   JUDGMENT DISMISSING
            v.                                   )   PLAINTIFF'S CLAIMS
13                                               )
     WIPRO, INC., and WIPRO, LTD, Delaware       )   NOTE ON MOTION CALENDAR:
14   Corporations,                               )   September 14, 2012
                                                 )
15                          Defendants.          )
                                                 )
16   ─────────────────────────────────────────

17                              **RELIEF REQUESTED**

18          Plaintiff Leif Kirchoff has sued defendants (Wipro), his former employer, claiming

19   that Wipro violated the wage/hour laws by using an improper formula to prorate his salary for

20   his first and last weeks of employment.  Wipro can demonstrate that it used a formula

21   consistent with the controlling federal and state regulations.  Thus, Kirchoff fails to state a

22   claim and has suffered no damage.  The Court should, and it is requested to, enter summary

23   judgment dismissing all of Kirchoff's claims.

24                              **STANDARD OF REVIEW**

25          The court may grant summary judgment if no genuine dispute of material fact exists

26   and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The

27   moving party bears the burden of demonstrating the absence of a genuine issue of material

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 1
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 25, 48, 91 L. Ed. 2d 265 (1986).

A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson*

*v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In

support of its motion for summary judgment, the moving party need not negate the opponent's

claim, *Celotex*, 477 U.S. at 323; rather, the moving party is entitled to judgment if the

evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477

U.S. at 249.  To survive summary judgment, a non-moving party must "show through specific

evidence that a triable issue of fact remains on issues for which the non-movant bears the

burden of proof at trial."  *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd sub*

*nom. Walker v. Ghoudy*, 51 F.3d 276 (7th Cir. 1995).  *See also Celotex*, 477 U.S. at 324.  The

adverse party must present affirmative evidence, which "is to be believed" and from which all

"justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, taken as

a whole, could not lead a rational trier of fact to find for the non-moving party, summary

judgment is warranted.  *See, e.g., Beard v. Banks*, 548 U.S. 521, 529, 126 S. Ct. 2572, 165 L.

Ed. 2d 697 (2006).  *Bryant v. Wyeth*, 2012 WL 2951976 (W.D. Wash., July 19, 2012).

## UNDISPUTED FACTS

Wipro's business operations in the U.S. include consulting with providing services to

various technology companies including Microsoft, Boeing, Cisco Systems, Honeywell,

AT&T, and many others.  Complaint ¶ 8; Nagaraju Decl. ¶ 3.  Wipro employed plaintiff Leif

Kirchoff as a highly- compensated Senior Manager, Supply Chain Management, for sixth

months from July 2010 to January 2011.  Nagaraju Decl. ¶¶ 4, 5, and 9.  Kirchoff's duties

involved managing the customer relationship at a large corporation including oversight,

business development, and quality assurance.  *Id.* ¶ 4.  Among other things, this involved

supervising staff and contractors at Microsoft.  *Id.*  His semi-monthly salary was $5,833.50,[1]

---

[1] Semi-monthly pay is common for salaried employees.  The employee gets paid twice per month (or 24 pay
periods per year).  The first pay period each month is from the 1st to the 15th; the second pay period is from the
16th to the last day.  The salary is the same for each pay period regardless of the number of workdays or calendar
days in the pay period, which will vary slightly from month to month.  Semi-monthly pay should not be confused
with bi-weekly pay, which is a pay period of exactly two weeks (or 26 pay periods per year) with the identical

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 2

DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

which was paid to him in full each pay period except for his first pay period and his last pay period when Wipro prorated his salary to account for the fact that Kirchoff only worked part of those two pay periods. Nagaraju Decl., ¶¶ 5 and 9. Kirchoff does not dispute Wipro's right to prorate his salary for the days that he did work during those two pay periods with no pay for the days he did not work in each of the pay periods. Rather, he takes issue with Wipro's formula for prorating. He claims that Wipro's formula violated both the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and the Washington Minimum Wage Act (WMWA), RCW Chapter 49.46. He claims that he is owed an additional $41.30 for his first pay period and an additional $73.14 for his last pay period.

## FEDERAL AND STATE RULES PERMIT PRORATED SALARY DEDUCTIONS

Under federal and Washington law, employees who are paid on a "salary basis," like Kirchoff, must receive a predetermined monetary amount each pay period. *See, e.g.*, 29 C.F.R. § 541.602(a); WAC 296-128-532(2). Here, Kirchoff was paid a predetermined amount of $5,833.50 for each semi-monthly pay period.

Federal regulations provide, however, that, in certain circumstances, an employer may deduct from the predetermined salary amount.[2] One of the exceptions is a deduction for days not worked during an employee's first week or final week of employment.[3]

In making a deduction for the first or last week of employment, the federal regulations allow for proportionality:

> An employer is not required to pay the full salary in the initial or terminal week of employment. Rather, an employer may pay a ***proportionate part of an employee's full salary for the time actually worked in the first and last week of employment.*** In such weeks, the payment of an hourly or daily equivalent of the employee's full salary for the time actually worked will meet the requirement.

number of workdays or calendar days in each pay period.

[2] Salary basis and salary deductions are set forth in USDOL regulations at 29 C.F.R. §§ 541.602 and .603. Sections 541.602 ("Salary Basis") and .603 ("Effect of Improper Deductions from Salary"), which are in Part 541- Salary Requirements; Subpart G - Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees (eff. August 23, 2004).

[3] Section 541.602(b) sets forth seven exceptions to the prohibition on salary deductions due to variations in the quantity or quality of work performed.

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 3
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    29 C.F.R. § 541.602(b)(6) (emphasis added).

2         The federal regulations go on to state that proportionality based on actual days missed

3    is acceptable.  When "calculating the amount of a deduction from pay allowed under [29

4    C.F.R. § 541.602](b), the employer may use the hourly or daily equivalent of the employee's

5    full weekly salary *or any other amount proportional to the time actually missed by the*

6    *employee*."  29 C.F.R. § 541.602(c) (emphasis added).

7         The Washington state regulations allow for similar proration based on actual days

8    worked:

9              In the first and final week of employment, an employee's salary
               may be *prorated* for the actual days worked.
10
     WAC 296-218-532(3)(e) (emphasis added).
11
          In sum, neither the federal or state regulation restricts the employer to a mandatory or
12
     standard formula for calculating a "proportionate part" or "prorated" deduction from salary.
13
          Existing case law, which is sparse, simply cites 29 C.F.R. § 541.602(b)(6) for the
14
     proposition that it is "entirely permissible under federal law" for "an employer not to pay a
15
     salaried employee her full wages in her terminal week of employment."  *Parmar v. Safeway,*
16
     *Inc.*, 2011 WL 888238 at p. 5 (W.D. Wash. March 14, 2011).  Courts also take note of
17
     29 C.F.R. § 541.603(e), which states that, when it comes to deductions from salary, nothing in
18
     the regulations regarding improper deductions is "to be construed in an unduly technical
19
     manner so as to defeat the exemption."  *Matthews v. Bronger Masonry, Inc.*, 2011
20
     WL 693625 at p. 7 (S.D. Indiana, February 18, 2011).
21
          Similarly, the Washington Department of Labor and Industries' guidance regarding
22
     state law does nothing more than parrot the salary deduction regulation.
23
              Q.    May an employer prorate the salary for the first and final
24                   weeks of employment?

25            A.    Yes.  The salary can be prorated for the actual days
                    worked in the first and final weeks of employment.
26

27

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 4
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ES.A.9.1 Salary Basis Q&A, question No. 19 at p. 5 (rev'd 6/24/05).  See Ex. 12 to Killeen Decl. ¶ 5.

To summarize:

- There is no set formula for prorating or calculating "proportionate" deductions.

- The employer has discretion to deduct a "proportionate part" of salary for actual day missed in the first and last week of employment under federal law and can prorate an employee's salary for actual days worked in the first and final week of employment under Washington law.

- "Proportionate" can be a daily equivalent or "any other amount proportional to the time actually missed by the employee."

- The regulations regarding improper deductions are <u>not</u> "to be construed in an unduly technical manner so as to defeat the exemption [by finding lack of salary basis]."

## KIRCHOFF'S FIRST PAY PERIOD

Kirchoff's first day of work was July 26, 2010.  Ex. 2 (Answer to Interrogatory No. 6) to Killeen Decl. ¶ 2(b).  There were 11 workdays during the semi-monthly pay period of July 16 – 31, 2010.  Kirchoff worked 5 of those days.  Nagaraju Decl. ¶ 5.  To prorate his salary, Wipro divided his semi-monthly salary of $5,833.50 by 11 workdays to determine that Kirchoff's prorated salary was $530.32 per day.  *Id.* at ¶ 6.  Wipro then multiplied the $530.32/day by the 5 days that Kirchoff actually worked and paid him $2,651.00, which is 5/11ths of his salary for his first pay period.  *Id.*  Kirchoff does not dispute that he was paid this amount, but, claims it should be $41.30 more.[4]  Ex. 3 to Killeen Decl. ¶ 5.

## KIRCHOFF'S LAST PAY PERIOD

Kirchoff's last day of work was January 27, 2011.  Ex. 4 (Answers to Interrogatory Nos. 8 and 9) Ex. 10 and Ex. 11 to Killeen Decl. ¶¶ 2(d), 5, 6, and 7.  There were 11

---

[4] There appears to be small rounding differences of a dollar or less in some of the calculations.  Wipro bases its motion on the amounts that Kirchoff admits he was paid and the additional amounts he claims he should have received.

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 5
DWT 19919929v2 0093863-000001

workdays in the semi-monthly pay period of January 16 – 31, 2011.  Kirchoff worked 9 of those days.  Nagaraju Decl. ¶ 9.  To prorate his salary, Wipro divided Kirchoff's semi-monthly salary of $5,833.50 by 11 workdays to determine that Kirchoff's prorated salary was $530.32 per day.  *Id.* at ¶ 10.  Wipro then multiplied $530.32/day by the 9 days that Kirchoff actually worked and paid him $4,773.00, which is 9/11ths of his salary for his last pay period.  *Id.*  Kirchoff does not dispute that he was paid this amount, but, claims it should be $73.14 more.  Ex. 4 to Killeen Decl. ¶ 2(d).

## WIPRO'S FORMULA COMPLIES WITH THE SALARY BASIS REGULATIONS

The federal and state "salary basis" regulations, 29 C.F.R. §§ 541.602 and .603; WAC 296-128-532(2), expressly allow the use of a daily equivalent of an employee's salary when making prorata or "proportionate" deductions under the regulations.  Wipro calculated Kirchoff's prorated salary for the first and final weeks of his employment using a workday method based on the proportionate number of workdays that Kirchoff actually worked and actually missed in a particular semi-monthly pay period.  This workday method is not only allowed, but encouraged, by federal regulations.  And, since Washington courts are guided by federal authority where the state MWA is consistent with the federal FLSA, Wipro's method and formula also satisfy the state law proration requirement.  *Drinkwitz v. Alliant Techsystems Inc.*, 140 Wn.2d 291, 298 (2000) ("Because the MWA is based upon the FLSA, federal authority under the FLSA often provides helpful guidance.").

Wipro's formula of dividing Kirchoff's semi-monthly salary by the number of workdays in the pay period results in a proportionate daily salary specific to the particular semi-monthly pay period involved.  Of course, the proportionate daily amount will vary (slightly) depending on the particular pay period involved because, although the numerator (the employee's semi-monthly salary) remains constant, the denominator changes depending on whether there are nine, ten, eleven or more workdays in the specific pay period.[5]  As a

---

[5] Over the course of the year, the prorated *daily* rate will be greater in some pay periods and lesser in some pay periods.

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 6
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

result, Wipro's pay period formula, using the workday method, precisely tailors the prorated daily rate to the particular semi-monthly pay period involved, not some hypothetical or average pay period.

For example, if Kirchoff had started work on Monday, August 9, 2010 -- two weeks later than his actual starting date of Monday, July 26, 2010 -- his prorated salary per day for the semi-monthly pay period of August 1 – 15, 2010 would have been $583.00 per day (rather than $530.32 per day) -- an increase of nearly $53.00 per day.  The reason his prorated daily salary would have been 10% larger for that pay period is because there were only ten workdays in that particular semi-monthly pay period as opposed to 11 workdays in the July 15-31, 2010 pay period.  Thus, his prorated salary for the August pay period would have been 5/10ths (rather than 5/11ths) of his semi-monthly salary and he would have received $2,916.00 in prorated salary rather than $2,651.00.

**KIRCHOFF'S PREFERENCE FOR
OVERTIME COMPENSATION REGULATIONS**

Kirchoff argues in his Complaint that Wipro is required to prorate his salary using the overtime pay formula in 29 C.F.R. § 778.113(b), which allows employers to construct a fictional weekly salary so as to perform overtime pay calculations for a non-exempt employee.[6]  Complaint at ¶¶ 9, 25.

To obtain a fictional weekly salary, Kirchoff multiplied his semi-monthly salary of $5,833.50 by 24 pay periods to annualize his salary as $140,000.[7]  He then divided the annualized salary by 52 weeks to obtain a weekly average salary of $2,692.  He divided the fictional weekly salary by 5 workdays, which is the average workweek, to generate an average daily salary of $538.46.  He then compares this to Wipro's formula that prorated his salary as $530.32 per day and demands the difference of $8.14/day for 5 workdays, which he

---

[6] Section 778.113 ("salaried employees - general") is in Part 778 – Overtime Compensation; Subpart B  - The Overtime Pay Requirements - Principles for Computing Overtime Pay Based on the "Regular Rate."
[7] Kirchoff, of course, only worked six months.

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 7
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

calculates as $41.30 for his first pay period and $73.14 for his last pay period.[8]  Ex. 3 to Killeen Decl. ¶ 5.

While Kirchoff is entitled to argue that the formula used to create a fictional weekly salary for overtime pay purposes has features that can be borrowed to calculate a prorated daily salary, it is incorrect to argue, as he does, that this formula is a mandatory or exclusive formula for calculating proportionate deductions from the predetermined salary under the "salary basis" regulations.

29 C.F.R. § 778.113(b) governs overtime pay calculations, not prorating salary for purposes of the deduction exception in 29 C.F.R. § 541.602(b)(6), which is at issue here.  Yet, even 29 C.F.R. § 778.113(b) allows for more than one formula for translating salary to an average hourly rate to calculate overtime pay.

29 C.F.R. § 778.113(b), states, that, if salary is paid other than in weekly amounts (for example, semi-monthly salary as in the case of Wipro), averaging formulas such as dividing the number of workdays in a pay period into the salary is acceptable.  29 C.F.R. § 778.113(b).  That formulation is similar to what Wipro did in the case of Kirchoff.

These alternative methods applicable to overtime pay calculations for purposes of 29 C.F.R. § 778.113(b) are set forth at 29 C.F.R. § 548.3.  Subsections (a) and (b) provide "basic rate" formulas that are USDOL-approved.  Subsection (a) states that employees who are paid a monthly or semi-monthly salary can calculate their average basic rate using "a rate per hour . . . obtained by dividing a monthly or semi-monthly salary by the number of working days in each monthly or semi-monthly period" and then by the number of hours in a normal workday. 29 C.F.R. § 548.3(a).  Likewise, subsection (b) states that the average hourly earnings for an employee who receives a specific pay for a period of one to 16 days, can have a daily rate calculated by a formula that divides the amount of pay by the number of workdays in the pay period, which, in turn, can be used to calculate average hourly rates for overtime

---

[8] Kirchoff conveniently ignores that had he started work in a semi-monthly pay period that had 10 working days, rather than 11 working days, his prorated daily salary would have been greater than the average daily salary under his formula - $583 per day (Wipro's formula) versus $538.46 per day (Kirchoff's formula).

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 8
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  pay purposes.  29 C.F.R. § 548.3(b).  These formulas are further explained in 29 C.F.R.

2  §§ 548.301("Salaried employees") and .302 ("Averaging earnings for period other than a

3  workweek").

4      The bottom line is that 29 C.F.R. § 778.113(b) is neither a formula related to or

5  incorporated in Part 541 (Salary Requirements) with respect to proportionate salary at issue

6  under 29 C.F.R. § 541.602(b)(6).  In fact, it is not even the exclusive formula within Part 778

7  (Overtime Compensation).  It is nothing more than the "ordinary" formula in Part 778 used to

8  translate salary to an average hourly "regular rate" for overtime pay purposes.  Thus, 29

9  C.F.R. § 778.113(b) neither governs salary basis or the calculation of a "proportionate part" of

10  salary for deduction purposes under 29 C.F.R. § 541.602(b)(6).  And, it even allows for

11  alternative formulas authorized by USDOL for computing the average "basic rate" for

12  overtime pay purposes in the case of monthly or semi-monthly salary arrangements.  Thus,

13  even if 29 C.F.R. § 778.113(b) were applicable – which it is not, it authorizes a formula that is

14  consistent with the one that Wipro actually used to achieve a proportionate result based on the

15  number of workdays in the pay period.

16                          **BONA FIDE DISPUTE**

17      Kirchoff's third claim is that Wipro's allegedly improper formula for prorating his

18  salary constitutes a willful withholding of wages under the Wage Rebate Act (WRA), RCW

19  49.52.050(2) and RCW 49.52.070.  However, RCW 49.52.050(2) and .070 do not apply if

20  there is a bona fide dispute regarding the alleged underpayment of wages.  Willful

21  withholding is "the result of knowing an intentional action and not the result of a bona fide

22  dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d

23  841, 849, 50 P.3d 256 (2002).  A bona fide dispute sufficient to preclude a finding of

24  "willfulness" under the WRA is a "'fairly debatable' dispute over . . . whether all or a portion

25  of the wages must be paid." *Shilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 161, 961 P.2d

26  371 (1998).  Where there is no dispute as to the material facts, the court may resolve the issue

27  on summary judgment. *Schilling*, 136 Wn.2d at 160.  *See also Ebling v. Gove's Cove, Inc.*, 34

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 9
DWT 19919929v2 0093863-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Wn. App. 495, 500, 663 P.3d 132 (1983) ("An employer's genuine belief that he is not

2    obligated to served wages preclude the withholding of wages from falling within the operation

3    of [the WRA].")

4           Here, there is, at the very least, a bona fide dispute as to whether Wipro's formula for

5    prorating salary complies with the federal and state regulations.  Accordingly, Kirchoff's

6    claim under RCW 49.52.050(2) and .070 should be dismissed as a matter of law.

7                                           **CONCLUSION**

8           There are no material disputed facts regarding the workday method and formula that

9    Wipro to prorate Kirchoff's semi-monthly salary for his first week and final week of

10   employment.  Wipro's formula is permitted under the federal and state regulations pertaining

11   to salary deductions.  Accordingly, Kirchoff fails to state a claim and has suffered no damage.

12   The Court should, and it is requested to, enter summary judgment dismissing all of Kirchoff's

13   claims.

14          Respectfully submitted this 23rd day of August, 2012.

15                                               Davis Wright Tremaine LLP
                                                 Attorneys for Defendants Wipro, Inc. and
16                                               Wipro, LTD

17

18                                               By /s/ Michael J. Killeen
                                                     Michael J. Killeen, WSBA #7837
19                                                   Kathryn S. Rosen, WSBA #29465
                                                     Sheehan Sullivan Weiss, WSBA #33189
20                                                   1201 Third Avenue, Suite 2200
                                                     Seattle, Washington  98101-3045
21                                                   Telephone: (206) 622-3150
                                                     Fax: (206) 757-7700
22                                                   E-mail: mikekilleen@dwt.com
                                                     E-mail: katierosen@dwt.com
23                                                   E-mail: sheehansullivanweiss@dwt.com

24

25

26

27

MOTION FOR SUMMARY JUDGMENT
(2-11-CV-00568 TSZ) — 10
DWT 19919929v2 0093863-000001

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2012, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Dmitri Iglitzin
Schwerin, Campbell, Barnard, Iglitzin & Lavitt, LLP
18 W. Mercer Street, Suite  #400
Seattle, WA  98119-3971
Iglitzin@workerlaw.com


Ralph C. Pond
Aiken, St. Louis & Siljeg, P.S.
801 Second Avenue
1200 Norton Building
Seattle, WA  98104
pond@aiken.com

Davis Wright Tremaine LLP
Attorneys for Defendants WIPRO, INC. and
WIPRO, LTD.


By /s/ Michael J. Killeen
　　Michael J. Killeen, WSBA #7837
　　Kathryn S. Rosen, WSBA #29465
　　Sheehan Sullivan Weiss, WSBA #33189
　　1201 Third Avenue, Suite 2200
　　Seattle, Washington  98101-3045
　　Telephone: (206) 622-3150
　　Fax: (206) 757-7700
　　E-mail: mikekilleen@dwt.com
　　E-mail: katierosen@dwt.com
　　E-mail: sheehansullivanweiss@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700